UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22- |
| | ) | |
| $97,332.00 IN UNITED STATES | ) | |
| CURRENCY, More or less, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Duston J. Slinkard, United

States Attorney for the District of Kansas, and Scott Anderson, Special Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: $97,332.00 in U.S. Currency, more or less (hereinafter

"defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.      The defendant property consists of: $97,332.00 in United States currency, more or

less, that was seized by the Kansas Highway Patrol on or about February 20, 2022 during a

traffic stop of a 1998 Kia Sportage on US 54 near milepost 18 in Seward County, in the District

of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the

defendant property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C.

1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in*

*rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property

pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the

acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28

U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)

because it constitutes 1) money, negotiable instruments, securities and other things of value

furnished or intended to be furnished in exchange for a controlled substance in violation of the

Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money,

negotiable instruments, and securities used or intended to be used to facilitate a violation of the

Controlled Substances Act.

7.      Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed*

*facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant

property are contained in Exhibit A, which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney

_____

SCOTT L. ANDERSON
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: scott.anderson2@usdoj.gov
Ks. S. Ct. No. 26095

3

**DECLARATION**

I, Chad Moore, Task Force Officer, Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _20th_ day of _May_____, 20_22_

TFO Chad Moore
DEA

4

AFFIDAVIT

I, Chad Moore, being first duly sworn, depose and state:

1. Your affiant has been employed as a Kansas Highway Patrol (KHP) Trooper since July 2007 and has been cross designated as a DEA Task Force Officer since June 2020. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeiture thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On February 20, 2022, Kansas Highway Patrol Trooper Cody Parr stopped a 1998 Kia Sportage for a traffic violation on westbound US 54 at milepost 18 in Seward County, in the District of Kansas. The vehicle was driven by Moises VELA-GAMON who said that he was travelling from Kansas City, KS to El Paso, TX.

4. During the event, Trooper Parr conducted a consensual search of the vehicle. Trooper Parr located $97,332.00 U.S. currency, in twelve bundles wrapped in saran wrap, soaked in blue liquid detergent, and hidden in a lead lined post manufactured compartment beneath the rear bench seat.

5. The currency was packaged and hidden consistent with drug proceeds that I have witnessed and investigated.

6. Later, at another location, a certified drug detection canine indicated to the odor of controlled substances emitting from the seized currency.

7. Based upon the information set out above, Affiant has probable cause to believe that the $97,332.00 seized by the Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et. seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 853 and 881.

Chad Moore, TFO
DEA

Sworn to and subscribed before me this 11 day of May 2022

Notary Public

My Commission Expires: 11-18-2025



NOTARY PUBLIC - STATE OF KANSAS
MAYCIE CARMAN
MY APPT. EXPIRES NOV. 18, 2025